**No. 59050.**—Mr. S. Peck *v.* United States, protest 227352–K (New York).

WILSON, Judge:   The merchandise in this case consists in part of certain dyed and undyed persian lamb "plates," i.e., individual rectangular pieces of fur skins that have been assembled and sewn together (R. 2–3).. There are also involved

dressed and dyed fur skins, designated on the invoice as "Clippings," and, in addition, certain articles of fur invoiced as "Coat Lenghth."

The imported dyed plates were classified under paragraph 1519 (b) of the Tariff Act of 1930, as amended by the Annecy Protocol to the General Agreement on Tariffs and Trade, T. D. 52373, supplemented by Presidental proclamation, T. D. 52423, as dressed persian lamb plates, dyed, dutiable at 20 per centum ad valorem; those not dyed were similarly classified and assessed at 17½ per centum ad valorem, as modified by the General Agreement on Tariffs and Trade, T. D. 51802. The dressed and dyed fur skins or "Clippings" were classified under section (a) of said paragraph, as amended, *supra,* as dressed and dyed persian lamb skins at 10 per centum ad valorem. The fur articles invoiced as "Coat Lenghth" were classified under section (e) of paragraph 1519, as amended, *supra,* as articles, wholly or partly manufactured, wholly or in chief value of fur, not specially provided for, at 25 per centum ad valorem.

Plaintiff claims the merchandise should be held properly free of duty under the provisions of paragraph 1615 (a) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, as "Articles, the growth, produce, or manufacture of the United States, when returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means," or, as an alternate claim, that the importation is dutiable under paragraph 1555 of the said act at the rate of 10 per centum ad valorem as "Waste, not specially provided for."

The record discloses that plaintiff originally purchased pieces of fur skins from fur dealers and manufacturers in this country. These articles were then exported to a nephew of the plaintiff in Belgium, where the pieces were made up into plates and also into partly manufactured articles. The items designated as "Clippings" were also purchased by the plaintiff in this country and thereafter exported to the same party in Belgium. Subsequently, all of this merchandise was taken by the Belgian consignee to Australia for purpose of sale in the latter country. No market being found there for the merchandise in question, it was shipped back to the importer in the United States. The involved merchandise was thereafter sold to fur dealers in this country (R. 19). The returned merchandise is the subject of the present controversy.

There was introduced in evidence as part of plaintiff's case, a certain file of letters bearing on the prices paid the importer for the merchandise here under consideration (plaintiff's exhibit 1, R. 18). However, the bills contained therein are of no aid in deciding this case.

It is an elementary rule in this class of cases that the plaintiff has the burden not only of overcoming the presumption of correctness attaching to the collector's classification, but also that of establishing his own claim.

There is nothing in the present record to establish that these plates and manufactured fur articles consist of goods, the growth, produce, or manufacture of the United States that have been returned to this country unimproved in value or condition so as to accord them free entry under the statute. On the contrary, the record discloses that the imported plates were made up of pieces of fur purchased in this country which, after exportation, were manufactured into the plates in question. Plaintiff has further failed to establish that the dressed and dyed fur skins and the manufactured articles, also here under consideration, were not so advanced in value or condition as to deny them free entry. In this connection, plaintiff's witness was unable to state whether the pieces and paws of skin, when first imported into this country, were dressed and dyed or whether they were so processed in this country. They were purchased from fur manufacturers here,

and the witness had no knowledge of their condition at the time of their importation (R. 9–10). Plaintiff's witness agreed, however, that the individual pieces of fur skin were made into plates in Belgium (R. 11).

On the above facts, we are of opinion that the imported merchandise is not entitled to free entry under paragraph 1615 (a) of the tariff act, as modified, *supra*, as claimed.

Neither is the merchandise properly classifiable as "Waste" under the claimed provision of paragraph 1555 of the tariff act. There is no showing that in its imported condition the merchandise was ever used as such by the fur dealers to whom it was sold. On the contrary, the record indicates a use for these articles other than as waste.

The claim that the imported merchandise should be held properly dutiable as waste is apparently based upon plaintiff's failure to realize as much as was expected through the sale of the articles in question. If that fact be conceded, we cannot predicate the tariff classification of the merchandise on that unfortunate circumstance.

For the aforesaid reasons, we hold that the plaintiff herein has failed to overcome the presumption of correctness attaching to the collector's classification of the involved merchandise and has also failed to establish that the imported articles are properly free of duty or dutiable under the pertinent paragraphs, as claimed. The protest claims are overruled. Judgment will be rendered accordingly.